**Signed: September 21, 2006**

_____
**LESLIE TCHAIKOVSKY
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>QMECT, INC., etc.,<br><br>    Debtor-in-Possession.<br>_____/ | No. 04-41044 T<br>Chapter 11 |
| THE OFFICIAL CREDITORS'<br>COMMITTEE FOR QMECT, INC.,<br><br>    Plaintiff,<br><br>  vs.<br><br>ELECTROCHEM FUNDING, LLC and<br>BURLINGAME CAPITAL PARTNERS II,<br>L.P.,<br><br>    Defendants.<br>_____/ | A.P. No. 04-4189 AT |

**MEMORANDUM OF DECISION RE MOTION TO AMEND COMPLAINT**

    The Official Unsecured Creditors' Committee (the "Committee") for the above-captioned debtor (the "Debtor") moves to amend its complaint in the above-captioned adversary proceeding (the "Complaint") to add and delete certain claims as well as to change the wording slightly of some of the existing claims. Defendants Electrochem Funding, LLC ("Funding") and Burlingame Capital Partners

II, L.P. ("Burlingame")(collectively "Defendants") oppose the addition or modification of the existing claims. They oppose the dismissal of any claims unless the dismissal is with prejudice to the claims being reasserted by any party acting on behalf of the bankruptcy estate. The motion was fully briefed and was argued and submitted to the Court for decision on September 7, 2006. The Court's decision and the reasons for its decision are set forth below.

**DISCUSSION**

**A. BACKGROUND**

The Complaint was filed on June 28, 2004. The charging allegations are set forth in two parts: i.e., one dealing with objections to the secured claims of Funding and the other dealing with objections to the secured claims of Burlingame. Primarily, the objections allege that Funding's and Burlingame's security interests were not properly perfected so that their liens on the Debtor's assets are avoidable, either as a whole or as to certain assets. The prayer of the Complaint seeks declaratory relief.

The Committee filed a motion for summary adjudication of various issues presented by Burlingame's and Funding's secured claims. Burlingame and Funding opposed the motion and filed a cross-motion for summary adjudication. On September 21, 2005, the Court issued its decision, granting the motions in part and denying them in part.

On August 10, 2006, the Committee filed a motion to amend the Complaint to add certain claims and delete others. The proposed changes to the body of the Complaint are nonsubstantive. The

2

Committee proposes to split into separate paragraphs claims previously lumped together in a single paragraph. It proposes to change the order of certain paragraphs. It proposes to add certain clarifying language to certain claims. For example, it seeks to add the phrase "prior to the petition date" to the allegation that Funding's lien did not extend to fixtures and personal property described in financing statement releases filed by Comerica. As another instance, it proposes to change the word "purported" to "purportedly." In the Court's view, the only substantive addition is to the prayer of the Complaint. The Committee seeks to amend the Complaint to add a prayer for avoidance of any unperfected liens.

**B. APPLICABLE LAW**

Court approval is required to amend a complaint after an answer has been filed. See Fed. R. Civ. P. 15(a), made applicable to this adversary proceeding by Fed. R. Bankr. Proc. 7015. Whether to grant such a motion is within the court's sound discretion. See <u>Zenith Radio Corp. V. Hazeltine Research, Inc.</u>, 401 U.S. 321, 330-31 (1971). However, motions to amend are to be granted freely when justice so requires. See <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051-53 (9th Cir. 2003). Grounds for denial of leave include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party by allowing the amendment, and futility of amendment. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Judicial economy may also be considered. <u>Sierra Club v. Union Oil Co.</u>, 813 F.2d 1480, 1493 (9th Cir. 1987).

3

A court may impose reasonable conditions on the grant of a motion to amend. Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1391 (9th Cir. 1985). Included among the conditions that it may impose is the condition that any claims being eliminated are eliminated with prejudice. Etablissements Neyrpic v. Elmer C. Gardner, Inc., 175 F. Supp. 355, 358 (S.D. Tex. 1959). Moreover, in any event, claims alleged in an original complaint which are not alleged in an amended complaint are waived. Marx v. Loral Corp., 87 F.3d 1049, 1055 (9th Cir. 1996).

**C. ISSUES**

**1. Proposed Additions**

Defendants contend that motion to amend the Complaint should be denied in its entirety to the extent it attempts to add allegations or claims to the Complaint. Their primary objection is to the addition of avoidance claims.[1] Defendants contend that the addition of these claims at this time is barred by a June 28, 2004 deadline stipulated to in a cash collateral order at the beginning of the bankruptcy case.

The Defendants note that, pursuant to a stipulated cash collateral order issued by the Court at the commencement of the bankruptcy case, the Debtor and the Committee agreed that any claims challenging the validity or enforceability of Burlingame's claims

---

[1] The Defendants also oppose the addition of various phrases by which the Committee seeks to clarify the nature of the existing claims. The Defendants make no cogent argument why these nonsubstantive changes should not be allowed. As a consequence, the motion to amend will certainly be granted in this respect.

4

would be filed by no later than June 28, 2004.[2] Although the Committee filed the Complaint on June 28, 2004, according to the Defendants, permitting the Committee to add claims now would allow the Committee to circumvent the stipulated deadline.

The Defendants concede that, much later, they stipulated to extend the deadline for filing avoidance actions pursuant to 11 U.S.C. § 546(a) and that this deadline has not yet expired. However, they contend that this stipulation was meaningless because the statutory deadline had already expired, having been advanced by stipulation to June 28, 2004. Moreover, they note that some courts have held that the 11 U.S.C. § 546(a) deadline is jurisdictional and not subject to extension, citing <u>Martin v. First National Bank of Louisville</u>, 829 F.2d 596, 600-01 (6th Cir. 1987) and <u>Starzynski v. Sequoia Forest Industries</u>, 72 F.3d 816, 822 (10th Cir. 1995).[3]

The Committee responds that the June 28, 2004 bar date does not apply because the cash collateral order conditioned the deadline on Burlingame's filing a proof of claim on or before April 30, 2004. Although Burlingame filed a proof of claim by that date, the proof of claim did not attach the underlying loan and security documents. Thus, according to the Committee, it was not a proper proof of claim

---

[2] In their opposition to the motion, the Defendants noted that, in the Complaint, the Committee alleged that this deadline applied to Funding as well as Burlingame. However, the cash collateral order clearly limits the June 28, 2004 deadline to claims asserted against Burlingame. The Court is not bound by the Committee's oversight.

[3] In their opposition, Defendants also contended that the Committee has no standing to bring avoidance actions on behalf of the estate. However, they have since abandoned that position.

5

and did not trigger the June 28, 2004 deadline.  The Committee also contends that the June 28, 2004 deadline was not intended to apply to avoidance actions.  They argue that the Defendants clearly thought so too, given their recent stipulation to extend the deadline.

The Court concludes that the June 28, 2004 deadline does not bar the amendment of the Complaint to add avoidance claims.  First, as noted above, the cash collateral order did not impose the deadline on challenges to Funding's claims.  Second, the Court agrees that the condition of the deadline that Burlingame file a proof of claim by April 30, 2004 meant that Burlingame was required to file an adequate proof of claim by that date.  As the Court has previously found, Burlingame's proof of claim was seriously inadequate because the underlying loan and security documents were not attached.  The Committee could not reasonably be required to evaluate the merits of the Defendants' claims until they were provided copies of the loan and security documents.

Additionally, the deadline set forth in the cash collateral order was with respect to challenges to the validity, priority, perfection, enforceability of the Defendants' claims.  The Court reads this phrase to apply only to challenges based on state law.[4]  A claim may be valid and enforceable under state law and still be

---

[4] The April 28, 2004 also barred, to the extent applicable, actions to subordinate Burlingame's claim if not filed by June 28, 2004.  Presumably, this referred to a claim for equitable subordination which would be governed by bankruptcy law, not state law.  The fact that the cash collateral order specified this type of claim separately supports the Court's view that a separate reference to avoidance claims would also have been required.

6

avoidable. For example, an unperfected security interest still creates a lien as to the debtor. In the absence of a bankruptcy case, it is only vulnerable in a dispute with another secured creditor with a perfected security interest or with a bona fide purchaser. If the Court had understood the deadline to apply to avoidance actions, it would have required a carve out for a chapter 7 trustee. Thus, the relevant statute of limitations is that set forth in 11 U.S.C. § 546(a), not the June 28, 2004 date set forth in the cash collateral order.[5]

The final issue is whether the Court was without jurisdiction to extend the deadline set forth in 11 U.S.C. § 546(a). The Court concludes that it was not. Until recently, there was a split of authority on this issue. See Starzynski v. Sequoia Forest Industries, 72 F.3d 816, 822 (10th Cir. 1995)(citing cases). However, this issue has been laid to rest by the legislative history to the 1994 amendments to 11 U.S.C. § 546(a). It states that "[t]he time limits set forth therein are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the

---

[5]The Committee also argued that the cash collateral order only required the Debtor or the Committee to file a statement by June 28, 2004 that they intended to challenge Burlingame's claim. It did not require them to identify the basis for the intended challenge. This argument appears to confuse the effect of a statute of limitations with the effect of claim preclusion. However, given its conclusion that the June 28, 2004 deadline did not apply to Funding at all and was not triggered by Burlingame's filing of an incomplete proof of claim, the Court need not formally address this argument.

7

action or proceeding." See 140 Cong. Rec. H. 10752, H10768 (daily ed. Oct. 4, 1994).[6]

Thus, the Court concludes that the motion to amend to add claims and clarifying language and to restructure the Complaint should be granted. As noted above, motions to amend should be granted liberally absent undue prejudice. Given the repeated allegations in the Complaint that the Defendants' liens were unperfected and therefore avoidable, the addition of the prayer for avoidance should come as no surprise.

**2. Proposed Deletions**

As noted above, the Committee also seeks to amend the Complaint to delete certain claims. The Defendants oppose this aspect of the motion as well. They note that among the claims that the Committee seeks to delete are claims that Burlingame's loan was usurious and that Burlingame and Funding have lost their liens by violating the one action rule. They note that there has already been substantial litigation concerning these claims. They contend that it would be unfair to permit these claims to be dismissed without prejudice at this time.

The Committee responds that it does not object to dismissal of the claims in question with prejudice as long as the prejudicial effect applies only to the Committee and not to the Debtor or to a chapter 7 trustee. However, it argues that the prejudicial effect

---

[6] In their opposition, the Defendants contended that the Committee has no standing to bring avoidance actions on behalf of the estate. However, they have since abandoned that argument.

8

cannot possibly be applied to the Debtor or to a chapter 7 trustee, since neither is a party to this proceeding.

The law governing this issue is far from clear. To begin with, it is important to distinguish between the various types of claims that may be litigated in a bankruptcy case. First, there are claims by the estate against third parties based on nonbankruptcy law which are property of the estate under 11 U.S.C. § 541(a)(1). Second, there are actions based on bankruptcy law: e.g., avoidance actions. Third, there are objections to claims filed against the bankruptcy estate.

Absent an order authorizing someone else to file an action asserting one of the first two types of claims, only the trustee or debtor-in-possession has standing to do so. See In re Sufolla, Inc., 2 F.3d 977, 979 (9th Cir. 1993); In re Spaulding Composites Co., Inc., 207 B.R. 899, 903 (Bankr. 9th Cir. 1997). Moreover, when a creditor or creditors' committee is authorized to file such action, the action is brought on behalf of the estate. Consequently, the estate and all its representatives are bound by resolution of the claim.

With respect to the third type of matter, however, the analysis is more difficult. A creditor or creditors' committee has standing independent of the trustee or debtor-in-possession to object to another creditor's claim as long as it has something to gain if it prevails. See 11 U.S.C. § 502(a)("A claim...is deemed allowed, unless a party in interest..objects.")[7]

---

[7] The Defendants contend that the challenges to their claims and security interests set forth in the Complaint should not be

9

However, identifying who may file a claim does not necessarily determine the impact of a resolution of that claim. Clearly, as noted above, if only the estate representative can file the claim--i.e., one of the first two types of claims specified above--the resolution of the litigation will bind the estate in its entirety. Thus, an avoidance action brought by a debtor-in-possession or, with authorization the creditors' committee, will also bind a subsequently appointed chapter 7 trustee. See In re Southland Supply, 657 F.2d 1076, 1080 (9th Cir. 1981); In re Wolfberg, 255 B.R. 879, 882, n.4 (Bankr. 9th Cir. 2000).

However, arguably, one creditor's or a committee's failure to prevail on an objection to a claim asserted by another creditor might--i.e., the third type of claim specified above--would not bind the estate representative. Under these circumstances, the creditor or committee is not acting on behalf of the estate. If the creditor fails to do a competent job in litigating the objection, why should the estate suffer? Conversely, a trustee may be willing to settle a meritorious claim for less than a creditor or committee believes is reasonable. On the other hand, it seems inequitable and contrary to principles of judicial economy to subject the claimant to a multiplicity of attacks.

---

viewed as objections to claims because they are set forth in an adversary proceeding. The Court disagrees. To the extent that the challenges to Defendants' claims do not seek an affirmative recovery from the Defendants, they are still just objections to claims, seeking to bar the Defendants from asserting a claim to property of the estate.

In the absence of any compelling authority on this issue, the Court concludes that, if the claims are dismissed with prejudice, the prejudicial effect will also apply to the Debtor and to a chapter 7 trustee. The policy arguments in favor of such a rule are stronger than those against it. There are procedural safeguards against the adverse effects supporting a contrary rule. A creditor or committee may object to a proposed settlement by a debtor-in-possession or trustee of an objection to claim which it views as too advantageous to the holder of the claim. See Fed. R. Bankr. P. 9019. A trustee or debtor-in-possession can move to intervene in a creditor's objection to claim if it fears that the creditor may not prosecute the objection competently. See Fed. R. Civ. P. 24, made applicable to this proceeding by Fed. R. Bankr. P. 7024.

Given the length of time that this proceeding has been pending and the amount of litigation that has occurred of the claims in question, the Court is unwilling to permit them to be dismissed without prejudice. Thus, if the Committee wishes to preserve the right of the Debtor and/or a chapter 7 trustee to prosecute the claims, it should withdraw this portion of its motion.

Counsel for Committee is directed to submit a proposed form of order in accordance with this decision.

END OF DOCUMENT

```
 1                          COURT SERVICE LIST
 2   Philip J. Nicholsen
 3   601 Montgomery St., Ste. 777
     San Francisco, CA 94111
 4
     William W. Huckins
 5   Allen Matkins Leck Gamble
       Mallory & Natsis LLP
 6   Three Embarcadero Center, 12$^{th}$ Floor
     San Francisco, CA 94111-4074
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
                                                                    12
```